IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

TROY L. BRUMBLEY,                          :
                                           :
            Plaintiff,                     :
                                           :
                                           :
    VS.                                    :         **1 : 09-CV-160 (WLS)**
                                           :
COMMISSIONER OF SOCIAL SECURITY            :
ADMINISTRATION,                            :
                                           :
            Defendant.                     :
————————————————————————

# RECOMMENDATION

This is a Social Security appeal filed by the plaintiff, who is proceeding *pro se,* on October 30, 2009. In a letter dated November 24, 2009, the Clerk of Court informed the plaintiff that he was provided with an Application to Proceed in the District Court Without Prepaying Fees or Costs on October 30, 2009, at the time he filed his complaint. Although plaintiff had indicated that he would return the completed form promptly, the Clerk had not received said form. The Clerk informed the plaintiff that "[n]othing further can happen in your case until we receive the application." (Doc. # 3). On April 27, 2010, the Court issued a show cause order to the plaintiff, based on the plaintiff's failure to submit a completed application to proceed *in forma pauperis.* The court ordered the plaintiff to show cause as to why this case should not be dismissed for failure to prosecute. The plaintiff has failed to respond to this directive.

Under Rule 41(b) of the Federal Rules of Civil Procedure, a case may be dismissed upon a determination of a "clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Litigants proceeding *pro se* are not exempted from this requirement of diligent prosecution. *Moon v.*

*Newsome*, 863 F.2d 835 (11th Cir. 1989). The court's inherent power to dismiss cases in which the plaintiff has failed to diligently prosecute his action "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962).

A review of this action reveals a clear record of delay or willful contempt on the part of the plaintiff. The plaintiff has failed to comply with the directives of this court and the court finds that lesser sanctions will not suffice herein. Accordingly, it is the recommendation of the undersigned that this matter be **DISMISSED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of June, 2010.


S/ ***THOMAS Q. LANGSTAFF***

THOMAS Q. LANGSTAFF
UNITED STATES MAGISTRATE JUDGE


asb